**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GARY EUGENE SIMS, #1029968,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-5152-G-BK** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was

referred to the undersigned United States Magistrate Judge.  Petitioner, a Texas state prisoner,

filed his *pro se Appeal From the 282nd Judicial District Court, Dallas County, Texas, Trial*

*Court No. F00-45450-PS* (Doc. 3), and *Motion Pursuant to 28 U.S.C. § 2243, Federal Rules of*

*Civil Procedure Rule 60(b)(6), 28 U.S.C.A; Requesting Evidentiary Hearing and Discovery*

*Pursuant to 28 U.S.C. § 2254(e)(2),* along with a *Memorandum in Support* (Doc. 4, 5).  For the

reasons that follow, it is recommended that the pleadings, construed as a successive habeas

petition, be dismissed for want of jurisdiction and that sanctions be imposed.

**I.  BACKGROUND**

Petitioner was convicted of aggravated sexual assault with a deadly weapon and

sentenced to life imprisonment.  *Sims v. State,* F00-45450 (282nd Jud. Dist. Ct., Dallas County

2001)*, aff'd*, No. 08-01-00121-CR, 2002 WL I482389 (Tex. App.- El Paso, Jul. 11, 2002, pet

ref'd).  Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal

habeas proceedings.  *Ex parte Sims,* No. 55,495-02 (Tex. Crim. App. Jun. 18, 2003) (denying

state application); *Sims v. Dretke,* No. 3 :03-CV-1618-P, 2003 WL 22862795 (N.D. Tex. Dec. 2, 2003), *rec. adopted,* 2003 WL 23119161 (N.D. Tex. Dec. 30, 2003) (denying federal petition), *app. dism.*, No. 04-10158 (5th Cir. Mar. 2, 2004); *Ex parte Sims*, Nos. WR-55,495-05, -07, and -08 (Tex. Crim. App. 2008, 2010, 2012) (dismissing state applications as successive).  In addition, Petitioner was twice denied leave to file a successive habeas petition and reconsideration under both FED. R. CIV. P 60(b)(6) and 59(e).  *In re Sims,* No. 09-10480 (5th Cir. July 7, 2009) (denying motion for leave to file successive petition); *Sims v. Dretke,* No. 3:03-CV-1618-P, 2010 WL 45913 and 2010 WL 446055 (N.D. Tex. Jan. 25 and Feb. 5, 2010) (dismissing Rule 60(b)(6) as a successive petition, denying reconsideration under Rule 59(e), and warning about possible sanctions); *In re Sims,* No. 10-10373 (5th Cir. Jun. 8, 2010) (denying mot for leave file successive application and warning about possible sanctions).

By this action, Petitioner again seeks to contest his conviction for aggravated sexual assault.  (Doc. 3-5.)  He alleges new grounds of "factual innocence" and requests discovery and an evidentiary hearing.  (Doc. 5 at 2-16).

## II.  ANALYSIS

Successive Application

Because Petitioner's Rule 60(b) motion asserts new, substantive claims, it is the equivalent of a second or successive application.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (holding that a Rule 60(b) motion raising substantive claims challenging a state court conviction should be construed as a successive application).  The Antiterrorism and Effective Death Penalty Act of 1996, however, limits the circumstances under which a petitioner may file a successive application for federal habeas relief.  *See* 28 U.S.C. § 2244(b).  In general, to raise a

new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive application in this case.  Petitioner must obtain such an order before he can file a successive application challenging his conviction.  Therefore, his Rule 60(b) motion, construed as a successive section 2254 application, should be dismissed for lack of jurisdiction.

Sanction

In 2010, the United States Court of Appeals for the Fifth Circuit as well as this Court warned Petitioner that sanctions may be imposed if he filed "any future frivolous motions" or "frivolous, repetitive or otherwise abusive filings."  *Sims v. Dretke,* No. 3:03-CV-1618-P, 2010

WL 446055 (N.D. Tex. Feb. 5, 2010); *In re Sims,* No. 10-10373 (5th Cir. Jun. 8, 2010).

Petitioner filed his Rule 60(b)(6) motion in an apparent attempt to circumvent those orders and

the Court of Appeals' denial of his 2009 and 2010 motions for leave to file a successive

application which raised related claims.  In light of this, the Court recommends that Petitioner be

barred from filing in this Court any motion for reconsideration or to set aside judgment under

Rule 60(b) or 59(e), and any successive habeas petition/application unless accompanied by a

motion for leave to file.  "Although the judicial system is generally accessible and open to all

individuals, abuse of the process may result in actions to protect the courts' ability to effectively

control the numerous matters filed therein."  *Kaminetzky v. Frost Nat. Bank of Houston*, 881

F.Supp. 276, 277 (S.D. Tex. 1995).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's Rule 60(b)(6) motion (Doc.

4, 5), construed as a successive habeas corpus petition, be **DISMISSED** without prejudice for

want of jurisdiction, *see* 28 U.S.C. § 2244(b)(3)(A), and that Petitioner be **BARRED** from filing

any Rule 60(b) or 59(e) motion and any successive habeas petition/application unless

accompanied by a motion for leave to file.

SIGNED January 7, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE